UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW JOHN STREU, #950834,

        Plaintiff,

v.                                              CASE NO. 2:20-CV-13101
                                                HON. VICTORIA A. ROBERTS

CHARLES EGELER RECEPTION & GUIDANCE
CTR., MICHIGAN DEP'T OF CORR.,

        Defendants.
                                           /

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983. In his Prisoner Civil Rights Complaint, Michigan prisoner Andrew John Streu ("Plaintiff"), confined at the Charles Egeler Reception and Guidance Center ("Charles Egeler facility") in Jackson, Michigan, alleges that he is not being sufficiently protected from exposure to Covid-19 and challenges the conditions at the prison. He names the Charles Egeler facility and the Michigan Department of Corrections ("MDOC") as the defendants in this action and seeks monetary damages, home confinement, and a shortened sentence. The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a)(1).[1]

---

[1] The Court notes that Plaintiff includes a list of potential additional plaintiffs in his pleadings. That list, however, does not provide complete contact information for all of those individuals. Additionally, Plaintiff does not list those individuals in the caption, nor did they submit any filing fees or applications to proceed without prepayment of the filing fee. Accordingly, the Court shall not consider those individuals as parties to this action. Nonetheless, even if they were parties, the outcome of this case would remain the same.

**II.     Discussion**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.

2

(quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). A plaintiff must also allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986);,*Daniels v. Williams* 474 U.S. 327, 333-36 (1986). A pro se civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that the civil rights complaint is subject to dismissal.

Plaintiff's complaint against the Charles Egeler facility and the MDOC, the only two named defendants in this action, must be dismissed. Section 1983 imposes liability upon any "person" who violates an individual's federal constitutional or statutory rights. It is well-settled that prison facilities are not person or legal entities subject to suit under § 1983. *See Anderson v. Morgan Cnty. Corr. Complex*, No. 15-6344, 2016 WL 9402910, *1 (6th Cir. Sept. 21, 2016) (ruling that a state prison and its "medical staff" were not subject to suit under § 1983); *Brooks v. Huron Valley Men's Prison*, No. 2:06-CV-12687, 2006 WL 2423106, *1 (E.D. Mich. Aug. 21, 2006) (citing cases establishing that a prison building is not a "person" subject to suit under § 1983). It is equally well-settled that governmental departments and agencies, such as the MDOC, are not persons or legal entities subject to suit under 1983. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (discussing case law); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir.

2002) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66-71 (1989)). Consequently, Plaintiff's Prisoner Civil Rights Complaint against the Charles Egeler facility and the MDOC must be dismissed as frivolous and/or for failure to state a claim upon which relief may be granted.

Additionally, the Eleventh Amendment to the United States Constitution bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will*, 491 U.S. at 66. The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979); *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Because the MDOC (including its prisons) is an administrative agency within the Michigan government, it is entitled to Eleventh Amendment immunity. *Harrison*, 722 F.3d at 771 (citing cases); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005). Consequently, Plaintiff's Prisoner Civil Rights Complaint against the MDOC and the Charles Egeler facility must also be dismissed on the basis of sovereign immunity.

## III. Conclusion

For the reasons stated, the Court concludes that the Charles Egeler facility and the MDOC are not persons or legal entities subject to suit in this action and that the MDOC, an agency of the State of Michigan, is entitled to Eleventh Amendment immunity. Accordingly, the Court dismisses

with prejudice the Prisoner Civil Rights Complaint against those defendants. This dismissal is without prejudice to the filing of a new civil rights action against any proper defendants. This case is closed. No further pleadings should be filed in this matter.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

S/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated: January 5, 2021